UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CISNEROS, | Case No. 1:22-cv-01601-HBK (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |
| v. | (Doc. No. 7) |
| JUAN MUNIZ, RAVIJOT GILL, MARIANA LOTERSZTAIN, MARIE RUSSELL, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Defendants. | |

Pending before the Court is Plaintiff's motion to appoint counsel. (Doc. No. 7). Plaintiff, a prisoner, is proceeding pro se on his First Amended Complaint filed January 12, 02023. (Doc. No. 6). The Court granted Plaintiff application to proceed in this action *in forma pauperis* on January 23, 2023. (Doc. No. 8).

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir.

1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted).  However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181.  The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met his "burden of demonstrating exceptional circumstances*.*" *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).  Plaintiff requests appointment of counsel because he was unsuccessful in obtaining counsel on his own. (Doc. No. 7 at 2-4). Plaintiff contacted six different attorneys, but he did not receive a response or was turned down because the attorney did not handle prisoner civil rights cases. (*Id.*).  Plaintiff's inability to find counsel is not "a proper factor for the Court to consider in determining whether to request counsel." *Howard v. Hedgpeth*, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010).

Plaintiff also requests appointment of counsel because he is "not knowledgeable in the law and, had help to properly write up [his] 42 U.S.C. § 1983 complaint." (Doc. No. 7 at 4:4-5). Going hand-in-hand with not having sufficient legal knowledge, Plaintiff requests an appointed counsel because he has limited access to the law library. (*Id.* at 4:7-12).  Plaintiff explains that he previously received assistance from an unidentified individual who is no longer at the same facility as Plaintiff. (*Id.* at 4:5-6).  "Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel." *Baker v. Macomber*, 2020 WL 1182495, at *1 (E.D. Cal. Mar. 12, 2020).

Finally, Plaintiff explains that his complaint involves complex medical issues and possible expert testimony. (Doc. No. 7 at 4:12-24). Plaintiff argues he should be appointed counsel because counsel is better prepared to handle complex medical issues and cross examine expert witnesses. (*Id.*).  Prison litigation often involves medical claims, and an extraordinary situation

1  cannot be demonstrated through the "vicissitudes of prison life." *Chaffer v. Prosper*, 592 F.3d
2  1046, 1049 (9th Cir. 2010).  Contrary to plaintiff's assertion, the court does not find the issues are
3  "so complex that due process violations will occur absent the presence of counsel." *Bonin v.*
4  *Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993).  While the assistance of counsel during trial may
5  be helpful, the "relevant consideration is not one of convenience" but rather exceptionalness.
6  *Howard v. Hedgpeth*, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010).

   While the procedural posture of this action is still in its infancy, Plaintiff has capably filed motions and a complaint.  Plaintiff has not showed exceptional circumstances warrant appointment of counsel at this stage of the proceedings.  Should this case progress and plaintiff's circumstances change so that he is able to demonstrate exceptional circumstances, he may renew his motion for appointment at counsel at that time.

   Accordingly, it is **ORDERED**:

   Plaintiff's motion for appointment of counsel (Doc. No. 7) is DENIED.

Dated:   January 25, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE