UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CISNEROS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JUAN MUNIZ, RAVIJOT GILL, MARIANA LOTERSZTAIN, MARIE RUSSELL, and CDCR,<br><br>　　　　Defendants. | Case No.  1:22-cv-01601-HBK (PC)<br><br>SCREENING ORDER FINDING FIRST AMENDED COMPLAINT VIOLATIVE OF RULE 8 AND DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT, STAND ON COMPLAINT, OR FILE VOLUNTARY DISMISSAL[1]<br><br>(Doc. No. 6)<br><br>SEPTEMBER 22, 2023 DEADLINE |

Pending before the Court for screening under 28 U.S.C. § 1915A is the first amended pro se civil rights complaint filed under 42 U.S.C. § 1983 by Daniel Cisneros—a prisoner. (Doc. No. 6, "FAC"). Upon review, the Court finds the FAC violates the procedural rules governing pleadings. The Court affords Plaintiff the option to file an amended complaint or voluntarily dismiss his Complaint before recommending the district court dismiss this action.

**SCREENING REQUIREMENT**

A plaintiff who commences an action while in prison is subject to the Prison Litigation Reform Act ("PLRA"), which requires, *inter alia*, the court to screen a complaint that seeks relief against a governmental entity, its officers, or its employees before directing service upon any

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

1  defendant. 28 U.S.C. § 1915A. This requires the court to identify any cognizable claims and
2  dismiss the complaint, or any portion, if is frivolous or malicious, if it fails to state a claim upon
3  which relief may be granted, or if it seeks monetary relief from a defendant who is immune from
4  such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

5        The Federal Rules of Civil Procedure require only that a complaint include "a short and
6  plain statement of the claim showing the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).
7  Nonetheless, a claim must be facially plausible to survive screening. This requires sufficient
8  factual detail to allow the court to reasonably infer that each named defendant is liable for the
9  misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*,
10 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not
11 sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.
12 *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Although detailed factual allegations are not
13 required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
14 statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required
15 to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir.
16 2009) (internal quotation marks and citation omitted).

17       If an otherwise deficient pleading can be remedied by alleging other facts, a pro se litigant
18 is entitled to an opportunity to amend their complaint before dismissal of the action. *See Lopez v.*
19 *Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d
20 245, 248 (9th Cir. 1995). However, it is not the role of the court to advise a pro se litigant on how
21 to cure the defects. Such advice "would undermine district judges' role as impartial
22 decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131
23 n.13. Furthermore, the court in its discretion may deny leave to amend due to "undue delay, bad
24 faith or dilatory motive of the part of the movant, [or] repeated failure to cure deficiencies by
25 amendments previously allowed . . . ." *Carvalho v. Equifax Info. Srvs., LLC*, 629 F.3d 876, 892
26 (9th Cir. 2010).

27       **SUMMARY OF THE FAC**

28       Plaintiff is proceeding on his FAC, which he filed as a right prior to the Court screening

his initial Complaint. Fed. R. Civ. P. 15(a). The events giving rise to the FAC took place at Corcoran State Prison. (Doc. No. 6 at 1). The FAC names the following as Defendants: (1) Juan Muniz, Registered Nurse; (2) Dr. Ravijot Gill; (3) Dr. Mariana Lotersztain; (4) Marie Russell, Health Care Manager; and (5) California Department of Corrections and Rehabilitation ("CDCR"). (*Id*. at 2).

Plaintiff's FAC alleges an Eighth Amendment medical deliberate indifference claim stemming from the delay in treating Plaintiff's neck pain. (*See generally Id*. at 5-41). The FAC also alleges state tort claims of medical malpractice and negligence. (*Id*.). As relief, Plaintiff seeks declaratory relief, compensatory and punitive damages, and costs. (*Id*. at 40-41).

## APPLICABLE LAW AND ANALYSIS

### A. Rule 8

Rule 8 states that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). To ensure compliance with Rule 8, courts of the Eastern District of California generally limit complaints to twenty-five pages. *See Lal v. United States*, 2022 WL 37019, at *2 (E.D. Cal. Jan. 3, 2022); *Williams v. Corcoran State Prison*, 2022 WL 1093976, at *1 (E.D. Cal. Apr. 12, 2022). The page limit includes the complaint itself and any exhibits, for a total of twenty-five pages. *See Rivas v. Padilla*, 2022 WL 675704, at *2 (E.D. Cal. Mar. 7, 2022). "[A] lengthy complaint can violate Rule 8 if a defendant would have difficulty responding to the complaint." *Skinner v. Lee*, 2021 WL 6617390, at *2-*3 (C. D. Cal. May 20, 2021) (citing *Cafasso v. Gen. Dynamics C4 Sys., Inc*., 637 F.3d 1047, 1059 (9th Cir. 2011). A district court has the power to dismiss a complaint when a plaintiff fails to comply with Rules 8's pleading directives. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981). When the factual elements of a cause of action are not organized into a short and plain statement for each particular claim, a dismissal for failure to satisfy Rule 8(a) is appropriate. *Sparling v. Hoffman Constr. Co*., 864 F.2d 635, 640 (9th Cir. 1988); see also *Nevijel*, 651 F.2d at 674. Under Rule 8, allegations of facts that are extraneous and not part of the factual basis for the particular constitutional claim are not permitted. *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (recognizing that Rule 8 can be violated when the plaintiff

provides too much information).

Plaintiff's FAC fails to comply with Rule 8 due to its failure to state short and plain statements of fact. Plaintiff's FAC is 71 pages, including exhibits, and sets forth 94 separate averments of facts. The statements of fact in the FAC are anything but short and plain. The FAC contains a diary-like recitation of transgressions by Defendants spanning a 78-day period, from December 22, 2021 to February 16, 2022. Additionally, various averments of facts incorporate by reference previous averments, which directly violates Rule 8's requirement to state short and plain statements. Not only does the FAC violate Rule 8 due to its failure to set forth short and plain facts, the FAC includes 28 pages of attachments, which contain handwritten notes by Plaintiff in an apparent attempt to explain the relevance of the document.

A court has discretion to dismiss a complaint due to its failure to comply with Rule 8. Even if the factual elements of the cause of action are present, if they are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. *McHenry*, 84 F.3d at 1178. "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *Id.* at 1179. And it is not the responsibility of this already overburdened Court "to scour through a set of voluminous documents attached to [a] complaint and articulate a case for [the plaintiff]." *See North v. Mirra*, 2014 WL 345303, at * 2 (W.D. Wash. Jan. 30, 2014); *see also Fairfield v. Khoo*, 2021 WL 1178261, at *1-*2 (E.D. Cal. Mar. 29, 2021).

Due to length of the FAC and the materials attached, the Court cannot discern if any of Plaintiff's claims are cognizable and cannot evaluate the merits of each induvial claim. Nor would Defendants be able to respond to the FAC as pled.

If Plaintiff chooses to file an amended complaint, it cannot exceed twenty-five (25) pages, cannot refer or incorporate by reference previous paragraphs or averments of fact, and cannot state a diary-like recitation of facts. *See McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996) (affirming the district court's decision to dismiss a complaint, which was prolix and confusing, for violating Rule 8 because it was not simple, concise and direct). Instead, Plaintiff must allege each claim, with particularity, but in short and plain statements that document the alleged act of

4

wronging by each defendant, where and when committed, and how the alleged act injured Plaintiff.

### B. State Tort Claims

The FAC also alleges state tort claims for negligence and medical malpractice. To proceed on his state tort claims, Plaintiff must plead compliance with California's Government Claims Act. California's Government Claims Act requires that a tort claim against a public entity, or its employees, be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. *State v. Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234, 1245 (Cal. 2004); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). If Plaintiff chooses to file an amended complaint, he must assert facts as to his compliance with California's Government Claims Act.

### OPTIONS

To continue the prosecution of this action, Plaintiff must take one of the following three options **no later than September 22, 2023**

**First Option**: Because the Court cannot determine that the filing of an amended complaint cannot cure the deficiencies identified above, the Court will afford Plaintiff an opportunity to file an amended complaint if he chooses. An amended complaint supersedes (replaces) the FAC and, thus, the amended complaint must be free-standing and complete. *See Hal Roach Studios, Inc.* 896 F.2d at 1546. Plaintiff should use the Court's approved Prisoner Civil Rights Complaint Form to file his amended complaint and he must title it "Second Amended Complaint." For each cause of action and each defendant, Plaintiff must allege plain and short facts sufficient to show that the defendant violated his civil rights. Plaintiff may not amend the complaint to add unrelated claims. **Second Option**: Plaintiff may file a Notice stating he intends to stand on his FAC subject to the undersigned recommending the district court dismiss for the reasons stated in this Order. If the Court dismisses this case finding that the FAC

fails to state claim, the dismissal will count as a strike under the PLRA.[2] **Third Option**: Because no defendant has yet been served, Plaintiff may file a Notice of Voluntary Dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1) which would preclude this action as counting a strike under the PLRA.  If Plaintiff fails to timely respond to this Court Order, *i.e.*, fails to perform any of the three options, the undersigned will instead recommend that the district court dismiss this case as a sanction for Plaintiff's failure to comply with a court order and for failing to prosecute this action after its determination that the complaint failed to state a claim, which will count as strike under the PLRA.  *See* Local Rule 110; Fed. R. Civ. P. 41(b).

Accordingly, it is **ORDERED:**

1. **No later than September 22, 2023** Plaintiff must elect one of three aforementioned options and deliver by this date to correctional for mailing: (a) a Second Amended Complaint; (b); a Notice stating that he intends to stand on the Complaint as screened subject to the undersigned recommending the district court dismiss the FAC for the reasons stated in this Order;  or (c) a Notice stating he wishes to voluntarily dismiss this action without prejudice under Fed. R. Civ. P. 41 to avoid a strike.

2. If Plaintiff fails to timely comply with this Court Order or seek an extension of time to comply, the Court will recommend that the district court dismiss this action for Plaintiff's failure to comply with this Court Order and prosecute this action.

3. The Clerk of Court shall include a blank civil rights complaint form for Plaintiff's use as appropriate.

Dated:    August 22, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[2] Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020); *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007).  Regardless of whether the dismissal was with or without prejudice, a dismissal for failure to state a claim qualifies as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727.