UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN EL CISNEROS,<br><br>        Plaintiff,<br><br>    v.<br><br>JUAN MUNIZ, et al.,<br><br>        Defendants. | Case No. 1:22-cv-01601-HBK (PC)<br><br>ORDER NOTING VOLUNTARY DISMISSAL UNDER FED. R. CIV. P. 41(a)(1)(A)(i) AND FED. R. CIV. P. 15(a) OF CERTAIN CLAIMS AND DEFENDANT<br><br>(Doc. No. 20) |

        Plaintiff Dan El Cisneros, a prisoner, is proceeding pro se and *in forma pauperis* in this action filed under 42 U.S.C. § 1983. On April 10, 2024, this Court issued an amended screening order on Plaintiff's Second Amended Complaint. (Doc. No. 18, "SAC"). As discussed in the amended screening order, the Court found Plaintiff's SAC states cognizable Eighth Amendment deliberate medical indifference claims against Defendants Muniz, Gill, and Lotersztain, state law medical malpractice claims against Defendants Gill, Muniz, and Lotersztain, a state law negligent supervision claim against Defendant Russell, and a state law failure to summon medical care claim against Defendant Muniz, but no other claims. (*Id*. at 1-2). Specifically, the Court found the SAC failed to state any claim against Defendant California Department of Corrections and Rehabilitation ("CDCR") and failed to state either an Eighth Amendment deliberate medical indifference claim or a failure to summon medical care claim against Defendant Russell. (*Id*. at 7, 11-12, 15). The screening order afforded Plaintiff the opportunity to either (1) file a notice under

1  Rule 41 and Rule 15 that he is willing to proceed only on the claims the court found cognizable in
2  its screening order and voluntarily dismiss the remaining claims and Defendants; or (2) stand on
3  his SAC subject to the undersigned issuing Findings and Recommendations to dismiss the
4  defendants and claims not cognizable. (*Id*. at 17). On April 25, 2024, Plaintiff filed a pleading
5  titled "Notice Under Rule 41 and FRCP 15 that Plaintiff Intends to Stand on Rescreened Second
6  Amended Complaint and Voluntarily Dismiss Claims Deemed Not Cognizable." (Doc. No. 20).
7  In the pleading Plaintiff states he wishes to "proceed only on the claims this honorable court
8  deemed cognizable in the amended screening order . . . and voluntarily dismiss claims deemed
9  not cognizable." (*Id*. at 1-2).

10  Plaintiff may voluntarily dismiss any defendant or claim without a court order by filing a
11  notice of dismissal before the opposing party answers the complaint or moves for summary
12  judgment. Fed. R. Civ. P. 41 (a)(1)(A)(i). Here, no party has answered or moved for summary
13  judgment. (*See* docket). Further, the Ninth Circuit recognizes a party has an absolute right prior
14  to an answer or motion for summary judgment to dismiss fewer than all named defendants or
15  claims without a court order. *Pedrina v. Chun*, 987 F.2d 608, 609-10 (9th Cir. 1993). Here, the
16  Court construes Plaintiff's Notice as dismissing all of Plaintiff's claims against Defendant CDCR
17  under Rule 41 and as seeking to amend the SAC under Federal Rule of Civil Procedure 15(a) to
18  eliminate the Eighth Amendment deliberate medical indifference and state law failure to summon
19  medical care claims against Defendant Russell. *Hells Canyon Pres. Council v. U.S. Forest Serv.*,
20  403 F.3d 683, 687 (9th Cir. 2005) (Rule 15(a) "is appropriate mechanism" when party is
21  eliminating an issue or one or more claims but not completely dismissing a defendant). In
22  accordance with Plaintiff's notice, the above claims against CDCR and Defendant Russell are
23  dismissed without prejudice by operation of law. Plaintiff's SAC will proceed on his Eighth
24  Amendment deliberate medical indifference claims against Defendants Muniz, Gill, and
25  Lotersztain, state law medical malpractice claims against Defendants Gill, Muniz, and
26  Lotersztain, a state law negligent supervision claim against Defendant Russell, and a state law
27  failure to summon medical care claim against Defendant Muniz. (*See* Doc. Nos. 18, 20). The
28  Court will direct service of process on Defendants Muniz, Gill, Lotersztain, and Russell by

2

separate order.

Accordingly, it is **ORDERED**:

1. Pursuant to Federal Rules of Civil Procedure 41 and 15, Plaintiff's claims against CDCR and his Eighth Amendment deliberate medical indifference and state law failure to summon medical care claims against Defendant Russell are dismissed without prejudice.

2. The Clerk of Court shall correct the docket to remove CDCR as a named defendant from this action.

Dated: April 29, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE