UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CISNEROS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JUAN MUNIZ, et al.,<br><br>　　　　　Defendants. | Case No. 1:22-cv-01601-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 24) |

　　　　Pending before the Court is Plaintiff's second motion to appoint counsel. (Doc. No. 24). Plaintiff, a prisoner, is proceeding pro se on his Second Amended Complaint filed September 11, 2023. (Doc. No. 13). The Court granted Plaintiff's application to proceed in this action *in forma pauperis* on January 23, 2023 and permitted Plaintiff to proceed on claims of Eighth Amendment deliberate medical indifference, state law malpractice, state law negligent supervision, and state law failure to summon medical care. (Doc. Nos. 8, 22). The Court denied Plaintiff's prior motion to appoint counsel. (Doc. Nos. 7, 9).

　　　　As previously advised, the United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to

appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted).  However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181.  The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved.  *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met his "burden of demonstrating exceptional circumstances.*" Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).  Plaintiff requests appointment of counsel because he was unsuccessful in obtaining counsel on his own.  (Doc. No. 24 at 1-2).  Plaintiff contacted ten different attorneys, but none of those contacted were able to take Plaintiff's case.  (*Id*.).  Plaintiff's inability to find counsel "is not a proper factor for the Court to consider in determining whether to request counsel." *Howard v. Hedgpeth*, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010).

Plaintiff further asserts that he requires the assistance of counsel because his complaint involves complex medical issues, legal issues such as qualified immunity, and possible expert testimony, and trial will involve voluminous medical records and conflicting testimony.  (Doc. No. 24 at 7).  Prison litigation often involves medical claims and issues of qualified immunity; thus, Plaintiff's case does not present extraordinary circumstances.  Contrary to Plaintiff's assertion, the court does not find the issues are "so complex that due process violations will occur absent the presence of counsel." *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993).  While the assistance of counsel during trial may be helpful, the "relevant consideration is not one of convenience" but rather exceptionalness.  *Howard v. Hedgpeth*, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010).

Plaintiff also requests appointment of counsel because his "lack of legal experience and [the] complex discovery rules . . . put[] [him] at a disadvantage . . ." (Doc. No. 24 at 7).

However, "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel." *Baker v. Macomber*, 2020 WL 1182495, at *1 (E.D. Cal. Mar. 12, 2020). Finally, Plaintiff has capably filed motions and a second amended complaint that survived screening. Plaintiff has thus not shown exceptional circumstances that warrant appointment of counsel at this stage of the proceedings.

Accordingly, it is **ORDERED**:

Plaintiff's second motion for appointment of counsel (Doc. No. 24) is DENIED.

Dated: May 6, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE