1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DANIEL CISNEROS,                          Case No.  1:22-cv-01601-HBK (PC)

12              Plaintiff,                      ORDER DENYING PLAINTIFF'S
                                                RENEWED MOTION FOR APPOINTMENT
13        v.                                    OF COUNSEL

14   JUAN MUNIZ, et al.,                        (Doc. No. 26)

15              Defendants.

16

17        Pending before the Court is Plaintiff's renewed motion to appoint counsel.  (Doc. No. 26).

18   Plaintiff, a prisoner, is proceeding pro se and *in forma pauperis* on his Second Amended

19   Complaint filed September 11, 2023.  (Doc. No. 26, "Renewed Motion").  This is Plaintiff's third

20   motion seeking appointment of counsel and is duplicative of Plaintiff's previous motion filed on

21   May 3, 2024.  (Compare Docs. No. 24 and 26).

22        The Court denied Plaintiff's two prior motions seeking appointment of counsel on January

23   26, 2023, and May 6, 2024.  (Docs. Nos. 9, 25).  The Court incorporates the law and its findings

24   as set forth in its previous Orders as though set forth at length herein and denies Plaintiff's

25   Renewed Motion for the same reasons as stated therein.  Additionally, the fact that Plaintiff is

26   utilizing the assistance of another inmate to litigate this case does not constitute exceptional

27   circumstances.  *See Montano v. Solomon*, No. 2:07-CV-0800 KJN P, 2010 WL 4137476, at *7 (E.D.

28   Cal. Oct. 19, 2010) (denying appointment of counsel finding no exceptional circumstance where

"plaintiff has adequately presented, albeit through another inmate, the salient factual allegations of this case ... as well as the matters now before the court").  Further and notable here is that while service was directed on April 30, 2024, no Defendant has yet been served or appeared in this case and no discovery has yet commenced.  Consequently, this case procedurally is at the earliest stages of litigation, so it is difficult for the Court to determine Plaintiff's likelihood of success on the merits.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *see also Reed v. Paramo*, No. 18CV361-JLS (LL), 2020 WL 2767358, at *1 (S.D. Cal. May 28, 2020) (holding it was too early to determine plaintiff's likelihood of success on the merits before fact discovery had not been completed).  Should this case progress and Plaintiff's circumstances change so that he is able to demonstrate exceptional circumstances, he may renew his motion for appointment at counsel at that time.

Accordingly, it is **ORDERED**:

Plaintiff's Renewed Motion for Appointment of Counsel (Doc. No. 26) is DENIED.


Dated:    May 13, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE