UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CISNEROS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JUAN MUNIZ, et al.,<br><br>　　　　Defendants. | Case No. 1:22-cv-01601-HBK (PC)<br><br>ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE[1] |

　　Plaintiff Daniel Cisneros initiated this action as a state prisoner by filing a pro se civil rights complaint under 42 U.S.C. § 1983 and proceeds on his Second Amended Complaint. (Doc. No. 13, "SAC"). For the reasons set forth below, the Court dismisses this action consistent with this Court's Local Rules for Plaintiff's failure to prosecute this action.

**BACKGROUND**

　　On August 19, 2024, the undersigned issued an order granting Defendants' motion for extension of time. (Doc. No. 39). On September 3, 2024, the mail containing the Order was returned "Undeliverable, Return to Sender, Not Deliverable as Addressed, Unable to Forward."

---

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. § 636(c)(1). (Doc. No. 44).

*See* docket.² Plaintiff's change of address was due no later than November 5, 2024. Local Rule 183(b). Plaintiff has not filed an updated address as required by Local Rule 182(f) and the time to do so has expired. *See* docket.

## APPLICABLE LAW AND ANALYSIS

Plaintiff was obligated to keep this Court informed of his proper address. Specifically:

> [a] party appearing *in propria persona s*hall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Local Rule 183(b); *see also* Local Rule 182(f) (all parties are "under a continuing duty" to notify the clerk of "any change of address[.]"). Plaintiff was notified of his obligation to keep the Court informed of his address and advised that the Court would dismiss an action without prejudice if Plaintiff does not update his address within sixty-three (63) days of mail being returned. (Doc. No. 3 at 3:12-20). Precedent supports a dismissal of a case when a litigant does not keep the court appraised on his address. *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988) (affirming lower court and finding no abuse of discretion when district court dismissed case without prejudice after pro se plaintiff did not comply with local rule requiring pro se plaintiffs keep court apprised of addresses at all times); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal proper for failure to prosecute and comply with local rules of court); *Hanley v. Opinski*, 2018 WL 3388510 (E.D. Ca. July 10, 2018) (dismissing action for failure to prosecute and to provide court with current address); *Davis v. Kern Valley State Prison*, 2023 WL 2992980, at *1, n. 1 (E.D. Cal. Apr. 18, 2023). More than sixty-three (63) days have passed since the Court's August 19, 2024 Order was returned as undeliverable, and Plaintiff has not filed a notice of change of address.³

Accordingly, it is **ORDERED**:

1. This case is dismissed without prejudice pursuant to Local Rule 183(b) for Plaintiff's

---

² Subsequent court orders issued on August 29, 2024 and September 20, 2024 and mailed to Plaintiff's address of record were also returned undeliverable on September 12, 2024 and October 4, 2024. *See* docket.

³ As of the date of this Order sixty-five (65) days have passed since the mail was returned as undeliverable.

failure to prosecute this action.

2. The Clerk of Court shall terminate any pending motions and deadlines and CLOSE this case.

Dated:   November 7, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE